

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2009

# Jamil Subhi Al Hashw v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1952

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jamil Subhi Al Hashw v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1952
_____

JAMIL SUBHI AL HACHWI,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77-704-792)
Immigration Judge:  Honorable Robert Owens

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2009

Before: BARRY, SMITH and HARDIMAN, Circuit Judges

(Opinion filed: May 14, 2009)
_____

OPINION
_____

PER CURIAM

        Petitioner Jamil Subhi Al Hachwi petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from the order of an Immigration

Judge ("IJ") and denying his motion for remand. For the following reasons, we will deny the petition for review.

I

Petitioner is a native and citizen of Syria. He was admitted to the United States as a visitor on or about July 12, 1990, at or near New York, New York. Hachwi was authorized to remain in the U.S. until February 11, 1991, and he remained beyond that date. In May 2003, Hachwi received a notice to appear, which charged him as removable under INA § 237(a)(1)(B) because he remained in the U.S. longer than permitted.

Hachwi appeared before the IJ and, through prior counsel, conceded the charge and removability. Hachwi filed an application for asylum and withholding of removal, or, in the alternative, voluntary departure.[1] In support of his claim, Hachwi testified to seven incidents occurring between 1972 and 1988 in which Hachwi was mistreated or attacked by Syrian Muslims, ostensibly because of his affiliation with the Greek Orthodox Church. He also attempted to introduce three letters – two from his family members in Syria detailing mistreatment they had experienced based on their Christian faith, and one from his local church attesting to his continued practice of Christianity. The two family letters were timely submitted to the IJ and served on the Government, but the church letter was

_____

[1] After reviewing the transcript of the hearing before the IJ, it remains unclear whether Hachwi sought relief under the Convention Against Torture. In any event, the IJ determined that such relief was not available, and Hachwi has not challenged that determination.

produced after the ten-day deadline. However, because of an apparent miscommunication between the IJ and counsel, the timely letters were not admitted into evidence.

Following the hearing, the IJ denied Hachwi's application but granted voluntary departure. The IJ reasoned that although Hachwi's testimony was credible, it was too general to support an asylum claim absent corroboration. The IJ also noted that Hachwi's claim was weakened by the fact that his mother, uncle, wife, and children have all remained in Syria for sixteen years and practice their religion without suffering persecution.

Hachwi appealed to the BIA and sought remand. In support of his claim, Hachwi submitted two articles describing the mistreatment in Syria of Christian refugees from Iraq. In March 2008, the BIA affirmed the IJ's decision, dismissed the appeal, and denied the motion for remand. With regard to the articles, the BIA concluded that they were cumulative to the testimony Hachwi presented to the IJ. As to the motion to remand, the Board reasoned that even if the IJ should have considered the letters from Hachwi's relatives, the letters did not establish that Hachwi had an objectively reasonable fear of persecution.

II

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's dismissal of Hachwi's appeal and denial of his motion for remand. Because the BIA issued its own opinion, we review the BIA's decision rather than that of the IJ. See Rranci v. Att'y

3

Gen., 540 F.3d 165, 171 (3d Cir. 2008). We review the BIA's ruling for abuse of discretion, and will disturb it "only if it was 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted). In applying that standard, we review legal conclusions de novo and review factual determinations for substantial evidence. See id.

Petitioner's counseled brief, though not a model of clarity, can be read as presenting four claims: (1) the BIA erred in determining that the IJ's failure to consider the letters from Hachwi's relatives was, at most, harmless error; (2) the BIA erred in affirming the decision of the IJ because Hachwi's credible testimony was sufficient to warrant asylum even without corroboration; (3) the BIA erred in affirming the IJ's past persecution determination because the evidence on record, read in light of the erroneously omitted letters from Hachwi's relatives, demonstrates that he suffered past persecution; and (4) the BIA erred in failing to remand the case. We will address each of these in turn.

The BIA correctly determined that the exclusion of Hachwi's family letters was, at most, harmless error. To demonstrate eligibility for asylum based on a fear of future persecution, an applicant must demonstrate that he "has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003). To satisfy the objective prong, a petitioner must show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly situated individuals. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Persecution includes

4

"threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. (internal quotations omitted). Abusive treatment and harassment do not establish persecution per se. See Jarbough v. Att'y Gen., 483 F.3d 184, 191-92 (3d Cir. 2007). Further, for acts to constitute persecution, they must be "committed by the government or forces the government is either unable or unwilling to control." Myat Thu v. Att'y Gen., 510 F.3d 405, 413 (3d Cir. 2007) (internal citations and quotation marks omitted). The letters from Hachwi's relatives indicate that, on a number of occasions over the years, they have been subject to harassment and discrimination, and have been physically attacked and spat upon. While extremely disturbing, these incidents do not rise to the level of severity described in Lie. Nor has Hachwi shown that the conduct was committed by government officials or those the government is unwilling or unable to control. Indeed, one incident described in the letters suggests that police responded to and resolved the matter. Considering the letters and the testimony on record, Hachwi has demonstrated neither that he would be singled out based on his religion nor a pattern or practice of persecution against similarly situated individuals.

Hachwi's second argument – that his credible testimony was sufficient to warrant asylum even without corroboration – also fails. "An alien's testimony, if credible, *may* be sufficient to sustain the burden of proof without corroboration." Kamara v. Att'y Gen., 420 F.3d 202, 213 (3d Cir. 2005) (emphasis added). However, a failure to corroborate

may undermine a claim if the IJ and/or BIA has: (1) identified the facts for which "it is reasonable to expect corroboration;" (2) inquired as to whether the applicant has provided corroborating information; and (3) if not, analyzed "whether the applicant has adequately explained his or her failure to do so." Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). The IJ reasoned, and the BIA agreed, that Hachwi alleged generalized discrimination against the entire Christian population in Syria, rather than a personal claim of severe discrimination and, absent corroborative evidence that Syrian Christians endured such pervasive discrimination, the claim was too general to support an asylum claim. Hachwi's argument that his testimony was deemed detailed and credible misses the mark. The question at issue is not whether his testimony lacked specificity as to the incidents in which he was involved, but whether his claim of nationwide discrimination against Christian Syrians was so general that further evidence of widespread conduct was reasonably required. We agree with the BIA that requiring such evidence was reasonable.

Hachwi's third claim is also meritless. He argues that the record before the IJ, when read in light of the letters from Hachwi's relatives, demonstrates that he suffered past persecution. This is simply inaccurate. The IJ reasoned that the incidents Hachwi described do not rise to the level of persecution. We agree. See Jarbough, 483 F.3d at 191-92. Nothing in the letters sheds any additional light on Hachwi's past encounters, let alone demonstrates that he suffered persecution. They merely describe similar incidents suffered by his family.

6

Finally, we conclude that the BIA appropriately denied Hachwi's motion for remand. Motions for remand, which are treated as motions to reopen proceedings, are disfavored forms of relief, and the BIA receives broad deference to its decision to deny such a motion. See Korytnyuk v. Ashcroft, 369 F.3d 272, 293 & n.27 (3d Cir. 2005). We will disturb the Board's decision to deny a motion to remand only if it is "arbitrary, irrational, or contrary to law." Id. at 293 (internal quotation omitted). A litigant must provide evidence sufficient to demonstrate a reasonable likelihood of prevailing on remand. See Sevoain v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002). However, mere cumulative evidence demonstrating that conditions asserted in the original application persist is insufficient. See Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005). Here, Hachwi presented two recent articles detailing the continued problems faced by Christians in Syria. However, these articles do no more than demonstrate the persistence of the conditions considered by the IJ and BIA to be below the threshold for persecution. The articles fail to show an individualized danger of persecution should Hachwi return to Syria. Hachwi has not shown that he would likely prevail on remand, so we agree with the BIA's denial of his motion.

Accordingly, we deny the petition for review.

7